IN RE ESTATE OF LOUIS T. DAVIES, DECEASED.
ELIZABETH DELONG DAVIES, EXECUTRIX OF THE ESTATE OF
LOUIS T. DAVIES, DECEASED, APPELLEE, v. MARION R. REESE
ET AL., APPELLANTS.
248 N. W. 2d 344

Filed January 5, 1977. No. 40599.

Leroy Shuster and Richard L. Schmeling, for appellants.

Knudsen, Berkheimer, Endacott & Beam, for appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., and CANIGLIA and COADY, District Judges.

CANIGLIA, District Judge.

Marion R. Reese appeals from a ruling of the District Court for Lancaster County, Lincoln, Nebraska,

dismissing her claim against the estate of Dr. Louis T. Davies.

This is a malpractice suit resulting from the diagnosis and treatment of Mrs. Reese by Dr. Davies, during a period extending from April 8, 1970, to April 26, 1973. Dr. Davies died on October 11, 1974, and Mrs. Reese filed a claim against his estate alleging that he was negligent in diagnosing and treating a lump in her breast during approximately 20 consultations. Relying on section 25-222, R. S. Supp., 1974, the county court and subsequently, on appeal the District Court each denied the claim and ruled that the claim was barred by the statute of limitations as set forth in section 25-222, R. S. Supp., 1974.

A further statement of facts and dates is necessary. Section 25-222, R. S. Supp., 1974, provides as follows: "Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; Provided, if the cause of action is not discovered and could not be reasonably discovered within such two-year period then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; and provided further, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional services which provides the basis for the cause of action."

In order to apply the limitations in section 25-222, R. S. Supp., 1974, a further statement of facts and dates as alleged is necessary. On April 8, 1970, Mrs. Reese consulted the decedent Dr. Louis T. Davies, a practicing

physician in the City of Lincoln, Nebraska, concerning a growth in her left breast. Dr. Davies advised her without ever conducting a needle biopsy, mammography, or other pathological tests that the growth was not cancerous, but instead was mastitis. Thereafter, Mrs. Reese continued to consult with Dr. Davies during the next 18 months concerning the lump in her breast and consulted him 21 times between April 8, 1970, and November 9, 1972, and on each occasion, except as diagnosed on November 9, 1972, Dr. Davies' diagnosis, as previously stated, was that the growth was mastitis and was made without conducting the needle biopsy, mammography, or other medically recognized pathology tests.

On November 9, 1972, Dr. Davies advised Mrs. Reese that the growth was a tumor and would have to be removed. However, he did not indicate to Mrs. Reese that the tumor was cancerous nor did he perform any of the medical tests herein referred to and he did not indicate any cause or reason for immediate surgery. Appellant, however, took immediate steps to hospitalize herself and on November 13, 1972, a radical mastectomy was performed on her.

The appellant claims that the diagnosis and treatment on November 9, 1972, was negligent and that the statute of limitations commences to run from that date.

The appellee claims that the diagnosis and treatment of November 9, 1972, was not negligent; that the last negligent diagnosis and treatment occurred on September 15, 1972; and that the statute of limitations commences to run as of that date.

Accordingly, if the diagnosis and treatment made by Dr. Davies on November 9, 1972, was not negligent then appellant would have to rely on the September 15, 1972, diagnosis and treatment and her claim would have been barred as of the date of Dr. Davies' death on October 11, 1974; however, if the diagnosis and treatment on November 9, 1972, was negligent then the cause of action

would not have been outlawed until November 9, 1974, and was not barred on the date of Dr. Davies' death.

A discussion of the treatment of November 9, 1972, which appellant claims is the last negligent diagnosis and treatment is in order. On that date, November 9, 1972, Dr. Davies correctly diagnosed the growth as a tumor. However, he did not indicate to Mrs. Reese that the tumor was cancerous, he did not perform any of the medical tests herein referred to that are accepted and medically recognized pathological tests, and he did not indicate any cause for alarm or need for surgery. This continuing failure by Dr. Davies to utilize diagnostic techniques commonly employed and recognized was alleged to be negligence on his part, and his failure on November 9, 1972, to perform any of the tests was simply the last event in a course of treatment which could be found to be negligent.

It follows therefore that the last alleged negligent diagnosis and treatment by Dr. Davies was on November 9, 1972, and the suit for malpractice against Dr. Davies did not become outlawed until November 9, 1974, and conversely, was on October 11, 1974, within the statutory period of limitations.

It follows that the ruling by the District Court for Lancaster County was erroneous and is reversed.

REVERSED.